Opinion delivered on the. \lth of June, 1831, after rehearing.
Chief Justice Robertson,
delivered the opinion of the court.
The authorities cited in the petition, are inapplicable. The bill of exceptions does not sheyr that the certificates of the magistrate were read, or in any way used or relied on in the county court. •But even if they had been used on the trial, the consequence assumed by the petition would not follow. The report of the commissioners stales that they were 'sworn before they viewed the way. That statement should be accredited, and was sufficient evidence of the fact, unless, by stronger evidence, it had been falsified. We would not admit that a certificate of a justice should be entitled to more credit than the report of the viewers. He might be mistaken as to date. 'They could not fail to know whether they had been «worn before or after they had viewed the way. But the magistrate’s certificate does not shew that •any one of the commissioners was not sworn- until after the view. The report was received by. the' county court on the 10th of August, 1829. Certificates by a justice, now endorsed on the order appointing the viewers, slate that two of them were sworn before the -5th of August, (the day on which they viewed the proposed way,) and that one of them was sworn on the “lid” of August, 1829. It is doubtful whether the figures in this last certificate were intended for the 2nd or for the 11th; and this court could ntít determine that the 11th was intand-cd. But if there could be no doubt that the llth is the day certified, then there is a strong probality Shat there is a mistake in the date. The order on which the certificate is endorsed, was returned with *227 ■ the report to the county court. It is not probable, therefore, that the viewer was sworn after the court had received and acted on the report; and certainly it is not to be presumed that the justice would have access to the order, and would endorse a certificate upon it after it had been deposited with the clerk. If there be a mistake in the date of the certificate, this court cannot decide that the oath was not administered until after the 5th of August, 1829, even if the certificate had been the only evidence fending to shew that an oath had been administered. Allowing the certificate to have its utmost effect, surely it is not sufficient to convicf the three viewers of wantonly making a false report.
Monroe, for plaintiff; Richardson, for defendant.
Wherefore, a majority of the court, (Judge Underwood dissenting,) are of opinion that the former judgment of this court remain Unchanged.